Jason L. Solotaroff (JS-5739)
GISKAN SOLOTAROFF ANDERSON & STEWART LLP
11 Broadway, Suite 2150
New York, New York 10004
(212) 847-8315

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CALVIN HARDING,                    :

             Plaintiff,        :

              v.              :

WACHOVIA CAPITAL MARKETS LLC,      :
WELLS FARGO SECURITIES LLC,        :
RICHARD SILVA AND RICHARD SANDULLI, :
                                   :
            Defendants.       :

------------------------------------------------------------x



Case No.

10 CIV 3496

COMPLAINT

JURY TRIAL DEMANDED

APR 27 2010
U.S.D.C. S.D.N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.      Plaintiff, Calvin Harding, a former employee at Wachovia Capital Markets LLC ("Wachovia") and its corporate successor, Wells Fargo Securities LLC, brings this action alleging discrimination by Wachovia and two of its executives, Richard Silva and Richard Sandulli, in violation of 42 U.S.C. §1981 and the New York City Human Rights Law.

2.      Plaintiff is an African American man.  He is a graduate of Duke University.

3.      In March 2002, Plaintiff was hired at Morgan Stanley as a back office employee, and, in 2004, was assigned to support the Equity Derivatives group.  At that time, Defendants Richard Silva and Richard Sandulli supervised the sales desk for that group.

4.     In June 2005, Messrs. Silva and Sandulli, along with other members of the Equity Derivatives group, left Morgan Stanley and began working at Wachovia. Mr. Harding was recruited to join them and in January 2006, he resigned from Morgan Stanley and began working at Wachovia.

5.     Both at Morgan Stanley and Wachovia, there were no African-American employees among the highly compensated traders and salespersons on the Equity Derivatives' sales and trading desks.

6.     Mr. Harding was a top performer at both firms. Throughout his tenure, he requested a promotion onto the sales desk, where he would have greater responsibility and significantly greater compensation. On multiple occasions, supervisors in the Equity Derivatives group promised Plaintiff that he would be promoted to the sales desk.

7.     Defendants never promoted Mr. Harding. Instead, Defendants promoted to the sales desk a series of less qualified non-African-American individuals. As a result, Mr. Harding remained in the back office, earning substantially less than he would have had Defendants promoted him.

8.     In August 2009, out of frustration at Defendants' discriminatory treatment, Plaintiff resigned from Wachovia. Several months after his resignation, Plaintiff learned that a white back office employee, who had held the same position as Plaintiff, and who Plaintiff had trained, had been promoted to the sales desk.

9.     As a result of Defendants' unlawful conduct, Plaintiff has suffered economic damages and extreme emotional distress.

## JURISDICTION AND VENUE

10.     There is jurisdiction over Plaintiff's claim under 42 U.S.C. §1981 pursuant to 28

U.S.C. §1331.  There is jurisdiction over Plaintiff's claim under the New York City Human

Rights Law pursuant to 28 U.S.C. §1367.

11.     Venue is properly before this Court pursuant to 28 U.S.C. §1391(a) as a

substantial part of the events giving rise to the claim occurred in this district.

## THE PARTIES

12.     Plaintiff, Calvin Harding is an African-American male and domiciled in the State

of Pennsylvania.

13.     Defendant Wachovia Capital Markets LLC ("Wachovia") is a limited liability

corporation incorporated under the laws of Delaware with its principal place of business in New

York City.

14.     Defendant Wells Fargo Securities LLC ("Wells Fargo") is a limited liability

corporation incorporated under the laws of Delaware with its principal place of business in New

York City.  On information and belief, as a result of a merger of the parent companies of Wells

Fargo and Wachovia, Wells Fargo assumed the operations and obligations of Wachovia in

approximately July of 2009.

15.     Defendant Richard Silva is, on information and belief, domiciled in Connecticut.

At all relevant times, he was the co-head of the sales desk for the Equity Derivatives group for

Wachovia and Wells Fargo.

16.     Richard Sandulli is, on information and belief, domiciled in New Jersey.  At all

relevant times, he was the co-head of the sales desk for the Equity Derivatives group for

Wachovia and Wells Fargo.

## THE FACTS

17.     Plaintiff graduated from Duke University in 1999.  After graduation, he worked at Goldman Sachs.  In March 2002, he joined Morgan Stanley as an operations analyst.

18.     Morgan Stanley and Wachovia, along with other investment banks, make distinctions between operations employees, known as back office employees, and employees assigned to the sales and trading desks, known as front office employees.  Front office employees enjoy more prestige, responsibility and substantially more compensation than back office employees.

19.     In the Summer 2004, as a result of Plaintiff's strong performance, he was promoted to a trading assistant position where he directly supported the Morgan Stanley Equity Derivatives group.  He was still considered a back office employee.

20.     At all relevant times, there were no African-American individuals employed in the Equity Derivatives front office although there were several African-American back office employees, including Plaintiff, who supported the group.

21.     Defendants Silva and Sandulli headed the Equity Derivatives sales desk.

22.     In June 2005, the Morgan Stanley Equity Derivatives group, including Defendants Silva and Sandulli, left Morgan Stanley for Wachovia.

23.     In January 2006, Plaintiff joined the Equity Derivatives group at Wachovia as a trading assistant.  At Wachovia, trading and sales assistants were considered to work in the "middle office," meaning they acted as a liaison between the back and front offices.  Their compensation, however, was comparable to back office employees and was far lower than that paid to front office employees.

24.     At Wachovia, Plaintiff's work performance continued to be extremely strong.

4

25.     In November 2006, George George, who headed the trading desk for the Equity Derivatives group, told Plaintiff that Plaintiff would soon be promoted to a front office position on the sales desk.

26.     Plaintiff was not promoted to the sales desk.  Instead, Defendants promoted to, or hired onto the sales desk, a series of less qualified non-African-American individuals. These individuals had less relevant experience and/or fewer relevant skills than Plaintiff.

27.     In the Summer 2007, a sales desk employee who was in the military reserves was sent to Iraq.  Plaintiff was promised that he would replace that employee but instead two other non-African-American employees were hired for the sales desk.

28.     In March 2008, Plaintiff was asked to remain in the middle office but transfer from the trading assistant position to a sales assistant position.  At that time, Defendant Silva promised Plaintiff that he would soon be promoted to a front desk position.  Defendant Silva did not inform Plaintiff that he and Defendant Sandulli had already offered a position on the sales desk to a white employee who did not have relevant experience or skills and who was substantially less qualified than Plaintiff.  Plaintiff agreed to switch positions and was replaced as trading assistant by a white individual, who he was asked to train.

29.     As a sales assistant, Plaintiff continued his strong performance and generally exercised greater front office responsibilities than many of the other individuals who had been hired instead of him.

30.     Yet Defendants continued to refuse to promote him and instead hired another white individual for the sales desk who was less qualified than Plaintiff.

31.     In August 2009, frustrated and disgusted by the discriminatory treatment, Plaintiff resigned from Wachovia.

32.     Several months later, Plaintiff learned that the white individual who had replaced Plaintiff and who Plaintiff had trained as trading assistant had been promoted to the sales desk.

33.     Had Plaintiff been promoted to a front office position, he would have earned hundreds of thousands of dollars a year more than he earned as a back office employee.

34.     As a result of Defendants' discriminatory conduct, Plaintiff has suffered economic damages and emotional distress.

## FIRST CLAIM FOR RELIEF
### (42 U.S.C. §1981)

35.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

36.     Defendants discriminated and retaliated against Plaintiff in the terms, conditions and privileges of employment on account of his race in violation of 42 U.S.C. §1981.

## SECOND CLAIM FOR RELIEF
### (NEW YORK CITY HUMAN RIGHTS LAW)

37.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

38.     Defendants discriminated and retaliated against Plaintiff in the terms, conditions and privileges of employment on account of his race in violation of New York City Administrative Code §8-107.

**WHEREFORE**, Plaintiff demands judgment:

A.     Awarding Plaintiff compensatory damages including but not limited to damages for emotional distress;

B.     Awarding Plaintiff punitive damages;

C.     Awarding reasonable attorneys' fees, costs and expenses;

D.     Granting such other legal and equitable relief as the Court may deem just and equitable.

Dated: New York, New York
       April 26, 2010

GISKAN SOLOTAROFF ANDERSON
& STEWART LLP

By:      Jason L. Solotaroff (JS-5789)
         11 Broadway, Suite 2150
         New York, New York 10004
         212-847-8315

ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated: New York, New York
April 26, 2010

GISKAN SOLOTAROFF ANDERSON &
STEWART LLP

By:    Jason L. Solotaroff (JS-5739)
11 Broadway, Suite 2150
New York, New York 10004
212-847-8315

ATTORNEYS FOR PLAINTIFF

8